**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-------------------------------------------------------------X

JUSTIN GOLDMAN,

Plaintiff,

-against-

ESSENTIALLYSPORTS MEDIA INC.,

Defendant.

-------------------------------------------------------------X

Index No. ____________

**COMPLAINT**

Plaintiff Justin Goldman ("Plaintiff"), appearing *pro se*, alleges upon personal knowledge as to his own acts and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This is a straightforward action to enforce a written settlement agreement.

2. Defendant EssentiallySports Media Inc. expressly agreed to pay Plaintiff $25,000 by wire transfer within two business days after the later of the agreement's effective date or Plaintiff's delivery of a completed W-9 and accurate wire instructions.

3. Plaintiff timely provided all information required for payment.

4. Defendant did not originate and deliver the settlement payment within the agreed period.

5. Defendant's eventual late payment did not erase its completed breach, compensate Plaintiff for the consequences of that breach, or excuse Defendant's failure to honor a material payment deadline contained in a binding written agreement.

6. Plaintiff therefore seeks damages caused by Defendant's untimely performance, declaratory relief, interest, costs, attorneys' fees where recoverable, and all other relief available under the agreement and New York law.

## PARTIES

7. Plaintiff Justin Goldman is an individual residing in New York County, New York.

8. Defendant EssentiallySports Media Inc. is a business entity that owns, operates, and conducts business through essentiallysports.com and entered into the agreement at issue with Plaintiff.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant because Defendant entered into a written agreement with a New York resident, agreed that New York law would govern, and irrevocably consented to jurisdiction in the state and federal courts located in New York County.

10. Venue is proper in New York County because Plaintiff resides here and Section 11.2 of the agreement requires any action to enforce or interpret the agreement to be brought exclusively in a state or federal court located in New York County.

## THE SETTLEMENT AGREEMENT

11. On July 10, 2026, Plaintiff and Defendant executed a Confidential Settlement Agreement and General Release concerning Plaintiff’s copyright claim relating to a photograph depicting Tom Brady in the Hamptons.

12. The agreement is a valid and binding contract governed by New York law.

13. Section 2.1 required Defendant to pay Plaintiff $25,000 by wire transfer within two business days after the later of:

a. the effective date of the agreement; or

b. Plaintiff’s delivery of a completed and accurate IRS Form W-9 and complete wire instructions for an account held in Plaintiff’s own name.

14. Plaintiff delivered a completed and accurate Form W-9 and complete wire instructions on Friday, July 10, 2026.

15. No information supplied by Plaintiff was incomplete, inaccurate, or late.

16. Plaintiff satisfied every condition precedent to Defendant’s payment obligation.

17. Accordingly, Defendant was contractually required to originate the settlement wire no later than July 10, 2026.

## DEFENDANT’S LATE PAYMENT

18. Defendant failed to originate the wire by the contractual deadline.

19. Defendant did not provide Plaintiff with an originating-wire confirmation showing that payment had been made within the required two-business-day period.

20. The payment was not received in Plaintiff's account until Monday, July 13, 2026, after expiration of the contractual deadline.

21. Defendant's payment was therefore late.

22. The requirement that payment be made within two business days was an express contractual obligation, not an informal estimate or aspirational target.

23. Defendant could have negotiated a longer payment period but did not do so.

24. Defendant instead accepted a definite deadline in exchange for the broad releases, covenants, and other valuable rights granted by Plaintiff.

26. Defendant expressly promised that payment would be made on Friday, July 10, 2026, and Plaintiff agreed to accept the settlement sum of $25,000 in reliance on that specific payment date. Plaintiff would not have conceded to that amount absent Defendant's promise of payment on July 10, 2026.

26. Plaintiff performed his obligations and surrendered substantial rights in reliance on Defendant's promise of timely payment.

27. Defendant accepted the benefit of Plaintiff's performance while failing to perform its own payment obligation on time.

28. Defendant's subsequent late payment did not retroactively convert its untimely performance into timely performance.

29. Defendant has refused to acknowledge or compensate Plaintiff for the breach and the resulting harm.

**PLAINTIFF'S DAMAGES**

30. Defendant's breach deprived Plaintiff of the timely use of $25,000 during the period in which the payment was wrongfully withheld.

31. Timely receipt of the payment was material to Plaintiff.

32. As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff sustained damages including, without limitation:

a. loss of use of the settlement funds;

b. financing and liquidity costs;

c. bank charges, late charges, penalties, and transaction expenses;

d. losses arising from commitments Plaintiff reasonably expected to satisfy with the settlement proceeds;

e. costs incurred in investigating and addressing Defendant's breach;

f. damages arising from Defendant's failure to perform a material settlement obligation; and

g. all additional damages to be established through discovery and at trial.

33. Defendant knew or reasonably should have known that Plaintiff was bargaining for prompt and definite payment, rather than payment whenever Defendant found it convenient.

34. Plaintiff seeks compensatory, consequential, incidental, and nominal damages in an amount to be determined at trial, presently alleged to be no less than $250,000, to the extent supported by admissible evidence and recoverable under New York law.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff and Defendant entered into a valid and enforceable written agreement.

37. Plaintiff fully performed his contractual obligations and satisfied all conditions precedent to Defendant's payment obligation.

38. Defendant breached Section 2.1 of the agreement by failing to make the settlement payment within the contractually required two-business-day period.

39. Defendant's late payment constituted a completed breach of an express and material contractual provision.

40. As a direct and foreseeable result of Defendant's breach, Plaintiff sustained damages in an amount to be determined at trial.

41. Plaintiff is entitled to recover compensatory damages, foreseeable consequential damages, incidental damages, nominal damages, interest, and all other relief permitted by the agreement and New York law.

**SECOND CAUSE OF ACTION**

**(Declaratory Judgment)**

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. An actual and justiciable controversy exists concerning Defendant's compliance with Section 2.1 of the agreement.

44. Defendant contends or is expected to contend that its late payment satisfied the agreement without breach.

45. Plaintiff contends that Defendant breached the agreement when it failed to originate and make the payment within the contractually required period.

46. Plaintiff is entitled to a declaration that Defendant failed to comply with Section 2.1 and breached the agreement.

**THIRD CAUSE OF ACTION**

**(Attorneys' Fees and Enforcement Costs Under Section 11.3)**

47. Plaintiff repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Section 11.3 provides that the prevailing party in an action to enforce the agreement is entitled to recover reasonable attorneys' fees and costs from the non-prevailing party.

49. This action is brought to enforce Defendant's payment obligation under the agreement.

50. To the extent Plaintiff is represented by counsel or otherwise incurs recoverable enforcement costs, Plaintiff is entitled to an award under Section 11.3.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

A. Declaring that Defendant breached Section 2.1 of the settlement agreement by failing to make timely payment;

B. Awarding Plaintiff compensatory, consequential, incidental, and nominal damages in an amount to be determined at trial, presently alleged to be no less than $250,000 to the extent supported by the evidence and recoverable by law;

C. Awarding Plaintiff damages for loss of use of the settlement funds;

D. Awarding prejudgment interest from the date of breach at the statutory rate;

E. Awarding Plaintiff reasonable attorneys' fees and costs under Section 11.3 of the agreement to the extent recoverable;

F. Awarding the costs and disbursements of this action; and

G. Granting such other and further relief as the Court deems just and proper.

**JURY WAIVER**

51. Plaintiff acknowledges that Section 11.4 of the agreement contains a contractual jury-trial waiver and therefore submits this action for determination by the Court.

Dated: New York, New York
July 13, 2026

Respectfully submitted,

______________________________

**JUSTIN GOLDMAN**
Plaintiff Pro Se
justin@pr1mesound.com