UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN GOLDMAN,

Plaintiff,

-against-

ESSENTIALLYSPORTS MEDIA INC.,

Defendant.

1:26-CV-5930 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. As set forth below, the Court directs Plaintiff: to (1) pay the $405.00 in fees necessary to bring this action or submit a completed and signed application to proceed *in forma pauperis* ("IFP"); and (2) resubmit a signed complaint signature page.

**DISCUSSION**

**A. Fees**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed without prepayment of fees, submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted the complaint without the fees to bring this action or a completed and signed IFP application. Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application completed and signed. If Plaintiff submits the IFP application, it should be labeled with docket number 1:26-CV-5930 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1).

**B. Signature**

The complaint that Plaintiff submitted is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure ("Rule 11(a)") provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

Plaintiff is directed to sign and submit the attached complaint signature page within 30 days of the date of this order. The signed document must be labeled with docket number 1:26-CV-5930 (LTS).

If Plaintiff mails the signature page to the court, or files it in person, he must comply with Rule 11(a) by signing the document.

If Plaintiff submits the document by email, to ProSe@nysd.uscourts.gov, Plaintiff may use a digital signature or a typed name with /s/ ("/s/ Justin Goldman") on the signature line. *See* Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: '/s/ [Party's Name].'").

**CONCLUSION**

Plaintiff is directed to pay the fees to bring this action or submit a completed and signed IFP application within 30 days of the date of this order. Plaintiff is also directed to sign and resubmit the complaint signature page within 30 days of the date of this order. An IFP application and a copy of the complaint signature page is attached to this order.

No summons or answer shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff

fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: August 21, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge